# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. DOMINGUEZ,<br><br>           Plaintiff,<br><br>   vs.<br><br>ACCREDITED HOME LENDERS, INC, et al.<br><br>           Defendant. | CASE NO. 09-cv-0637 DMS (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>[Docs. 10 & 11] |

Pending before the Court are Defendant's motion to dismiss and Plaintiff's motion to remand. For the reasons set forth below, Plaintiff's motion to remand is granted. Defendant's motion to dismiss is denied as moot.

Plaintiff's complaint asserts claims against multiple defendants in connection with a mortgage Plaintiff obtained on real property located at 4168 Baycliff, Oceanside, California 92056. Plaintiff originally filed suit in the Superior Court of California, County of San Diego, on February 25, 2009. Plaintiff's original complaint asserted a violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., in addition to state law claims. On March 27, 2009, Defendants removed the action to this Court. (Doc. 1.) On July 13, 2009, Plaintiff filed a First Amended Complaint ("FAC"), which removed the federal law claim. Thus, the only remaining claims are state law claims.

On January 15, 2010, Defendant filed a motion to dismiss the FAC. Plaintiffs did not file an

opposition to the motion. (*See* Doc. 14.) Instead, Plaintiffs filed a motion to remand the matter to state court. (Doc. 11). Defendant filed an opposition, (Doc. 12), and Plaintiff filed a reply (Doc. 13.)

Plaintiff argues the case should be remanded because the FAC relies exclusively on state law claims. Defendant argues that the Court should maintain jurisdiction because removal was proper and Plaintiffs are engaged in a bad-faith attempt to manipulate the forum.

Courts have discretion to remand cases in which federal question jurisdiction existed at the time of removal, but the federal claim is later dismissed. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988). Principles of judicial economy, convenience, fairness, and comity are considered when determining whether to exercise jurisdiction over supplemental state law claims. *Id.* A court may also consider whether the plaintiff has attempted to manipulate the forum in deciding whether or not to remand the case. *Id.*

Defendant contends that the lawsuit was filed for an improper purpose, *i.e.* to force a loan modification, and that Plaintiff is seeking a remand simply as a delay tactic. However, the parties dispute the circumstances surrounding the contacts between Plaintiff and Defendant regarding the attempted loan modification. Further, it does not appear that Plaintiff has attempted to manipulate the forum. The original complaint asserted largely state law claims. While Defendant had the right to remove the action to federal court, Plaintiff also had the right to amend the complaint to remove the federal claim and seek remand. *Baddie v. Berkeley Farms*, 64 F.3d 487, 491 (9th Cir. 1995). Additionally, the case is in the early stages of litigation. Although the original complaint was filed more than one year ago, the parties have not moved beyond the pleading stage and discovery has not yet begun.

Accordingly, Plaintiff's motion to remand is granted. Defendant's motion to dismiss is denied as moot.

**IT IS SO ORDERED.**

DATED: March 9, 2010

_____
HON. DANA M. SABRAW
United States District Judge